**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRIAN WOODRING; and BETHANY
YORK,

        Plaintiffs,

v.                                                           Case No. 6:14-cv-1067-Orl-37TBS

JEREMY HART; DAVID LOVELL;
CHRISTOPHER WILLIAMS; FRANCIS
HICKMAN; RYAN ENGLISH; FRANCIS
SARIVOLA; and WAYNE IVEY,

        Defendants.

_____

## ORDER

This cause is before the Court on the following:

1.     Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendants

(Doc. 49), filed October 24, 2014; and

2.     Response to Motion to Dismiss Plaintiffs' Second Amended Complaint by

Defendants (Doc. 51), filed November 13, 2014.

Upon consideration, the Court finds that the motion is due to be granted.

## BACKGROUND

In their Second Amended Complaint, Plaintiffs—the owner and an employee of a

business called "KRONIC AM"—allege that Defendants—the Brevard County Sheriff and

several deputies—arrested them without probable cause for "crimes they did not

commit,"[1] then publicly announced that Plaintiffs had been "selling drugs to children and

_____

[1] Plaintiffs do not specify the crimes for which they were allegedly arrested, although they imply that they may have been charged under Florida Statute § 893.147 with an offense related to drug paraphernalia. (*See* Doc. 48, ¶ 13.)

were drug dealers." (*See* Doc. 48, ¶¶ 3, 9–13.) Based on those sparse allegations, Plaintiffs attempt to assert federal claims for false arrest, excessive force, libel, and slander (*id.* ¶¶ 25–44) as well several state-law tort claims (*id.* ¶¶ 14–24).

Defendants move to dismiss for failure to state a claim. (*See* Doc. 49.) Plaintiffs oppose. (*See* Doc. 51.) The matter is ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

## DISCUSSION

### I.     Federal Claims

In their "Federal Causes of Action" counts, Plaintiffs assert individual-capacity 42 U.S.C. § 1983 claims against all Defendants for excessive force and false arrest. (*See* Doc. 48, ¶¶ 25–44.) Additionally, they assert against Defendant Ivey, the Brevard County Sheriff, official-capacity excessive force and false arrest § 1983 claims as well as

claims for libel and slander. (*Id.* ¶¶ 43–44.) The Court will address each claim in turn.

With respect to the individual-capacity § 1983 excessive-force claims, Plaintiffs do not allege that Defendants used any force other than which is incident to a typical arrest. (*See id.* ¶¶ 1–13.) That pleading decision appears to have been intentional, as Plaintiffs clarify in their response that they intend to proceed under the theory that they were arrested unlawfully "and thus any force used concerning an illegal arrest is per se excessive." (*See* Doc. 51, ¶ 6.) The U.S. Court of Appeals for the Eleventh Circuit has consistently rejected that particular theory of excessive-force liability. *See, e.g.*, *Jackson v. Sauls*, 206 F.3d 1156, 1170–71 (11th Cir. 2000). "The correct analysis is that the excessive force claim is subsumed in the illegal stop or arrest claim, as recognized in *Williamson*, where a plaintiff contends the force was excessive because there was no basis for *any* force." *Id.* at 1171 (citing *Williamson v. Mills*, 65 F.3d 115, 158–59 (11th Cir. 1995)). Accordingly, Plaintiffs' allegations do not support excessive-force claims independent of their false-arrest claims, and thus their excessive-force claims are due to be dismissed.

As to the false-arrest claims, Plaintiffs' factual allegations are insufficient to state a plausible claim for false arrest under § 1983.  Specifically, Plaintiffs allege that they were arrested "without probable cause, or any lawful reason to arrest" (Doc. 48, ¶ 11), but they do not clarify, *inter alia*, the crimes for which they were arrested, the circumstances of their arrests, or the basis for their beliefs that Defendants lacked probable cause (*see id.* ¶¶ 11–13, 25–44). While "[a]n arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim," the existence of "probable cause or arguable probable cause depends on the elements of the alleged

crime and the operative fact pattern." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734–35 (11th Cir. 2010). Without any allegations regarding the crimes with which they were charged or the circumstances of their arrests, the Court cannot determine whether Plaintiffs' false-arrest claims are facially plausible. Those claims therefore do not meet Rule 8's pleading standard and must be dismissed. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiffs' official-capacity § 1983 claims against Defendant Ivey are also insufficient. (*See* Doc. ¶¶ 43–44.) Official-capacity § 1983 claims are "a way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). To state such a claim, a plaintiff must make "an allegation that *official policy* is responsible for a deprivation of rights protected by the Constitution." *Id.* at 690 (emphasis added). Here, as grounds for their official-policy claim, Plaintiffs allege that Ivey was "complicit and in fact ordered" the remaining Defendants to "illegally and falsely arrest" them. (*See* Doc. 48, ¶ 44.) Absent from that allegation is any indication that Ivey's order evinces a policy, custom, pattern, or practice of constitutional violations on the part of the Brevard County Sheriff's Office. Accordingly, Plaintiffs have failed to state an official-capacity § 1983 claim.

Finally, Plaintiffs' federal libel and slander claims are due to be dismissed for lack of supporting authority. Plaintiffs allege that, by publicly announcing that they were "selling drugs to kids," Defendant Ivey libeled and slandered them in violation of unspecified federal law. (*See id.*) However, "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action," *see Charles v.*

*Scarberry*, 340 F. App'x 597, 599–600 (11th Cir. 2009), and the Court is not aware of any other possible grounds for a defamation claim outside of state law. Defendants argue as much in their motion to dismiss (*see* Doc. 49, pp. 9–10), and Plaintiffs did not provide any supporting law in response (*see* Doc. 51, ¶ 7). In the absence authority, Plaintiffs' libel and slander claims are due to be dismissed. *See* Local Rule 3.01(b) ("Each party opposing a motion or application shall file . . . a response that includes a memorandum of *legal authority* in opposition to the request.").

## II.   State Claims

As discussed above, all of Plaintiffs' federal claims are due to be dismissed. As the presence of a federal question is the sole basis of the Court's jurisdiction in this action (*see* Doc. 48, ¶¶ 5–8), and no federal questions will remain after Plaintiffs' federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting a court to decline exercising supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"). The state-law claims are therefore due to be dismissed.

## CONCLUSION

Plaintiffs have now unsuccessfully gone through three iterations of their complaint. The Court will permit Plaintiffs another opportunity for amendment to correct the deficiencies addressed in this Order, but future dismissals may be with prejudice. Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.   Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendants (Doc. 49) is **GRANTED**.

2.   Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

3.      On or before Friday, December 5, 2014, Plaintiffs may file a Third Amended

Complaint consistent with the directives of this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 21, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record